COMMERCE MILLING AND GRAIN COMPANY v.
MORRIS & PARKER ET AL.

Delivered December 16, 1901.

**1.—Evidence—Oral Proof—Contents of Written Instrument.**

Oral evidence of the contents of a public weigher's certificate is not admissible without properly accounting for the failure to produce the instrument itself.

**2.—Sale—Breach of Warranty—Estoppel.**

Where plaintiff, after he had inspected the top wheat in one or two cars he had ordered from defendants, made an agreement reserving 25 per cent of the price for reclamation on weights and grades, and afterwards found that the wheat in the bottom of the car was not as good as that at the top, and that the wheat in the other car was in a worse condition, such agreement did not estop him from claiming more than the amount so reserved.

**3.—Same—Liability of Banks Collecting Drafts.**

Where a bank receives for collection and collects a draft sent it with bill of lading for a car of wheat attached, no liability attaches to it in favor of the buyer and drawee by reason of the wheat not being such as was contracted for.

Appeal from the County Court of Delta. Tried below before the Hon. D. H. Lane.

*Thos. W. Thompson* and *Newman Phillips,* for appellant.

*James Patterson* and *Holmes & Sharp,* for appellees.

RAINEY, CHIEF JUSTICE.—Morris & Parker contracted with the milling company, appellant, to furnish it with a quantity of wheat at 62 cents per bushel. They shipped to the milling company, at Commerce, two car loads of wheat over the Midland Railroad, and drew drafts in favor of the First National Bank on the milling company, to

which bills of lading were attached, and the bank forwarded same to a bank at Commerce for collection. When the drafts reached Commerce and were presented, the milling company refused to pay the full amount, but agreed to pay 75 per cent thereof, as the wheat was not sent subject to inspection. The railroad agent wired for permission to allow the milling company to inspect, which was granted, and the 75 per cent was paid and the balance reserved for reclamation on weights and grades, if any. Afterwards, and on the day one of the cars had been partially inspected, Parker went to Commerce, and in company with the mill inspector went into that car and inspected the wheat. The mill inspector claimed to Parker that the wheat did not come up to the contract, and it was again agreed between them that the milling company should retain 25 per cent to cover shortage in weight and grade. The other car had not then been opened.

The milling company claims that the wheat was badly damaged; that it could use only a small portion thereof, and it sues to recover of Morris & Parker and the First National Bank the difference between the value of the wheat and the amount the milling company had paid on it. Morris & Parker reconvened for the 25 per cent reserved, and vouched in the railroad company, alleging that the wheat, if damaged, was damaged in transit. Judgment was rendered against the milling company in favor of Morris & Parker for the 25 per cent reserved by it, from which this appeal is prosecuted.

The court erred in permitting certain witnesses to testify as to the contents of the public weigher's certificate as to the weight of the wheat when loaded into the cars. This testimony was objected to on the ground that the certificate was the best evidence of its contents. This objection should have been sustained. The contents of an instrument can not be proven by parol without properly accounting for the failure to produce the instrument itself.

The court also erred in giving the following charge requested by defendants: "If you further find that the Commerce Milling and Grain Company, after inspecting the two cars of wheat in controversy, or after having an opportunity to inspect same, made a subsequent proposition to the defendants, Morris & Parker, that if they would reduce their drafts to three-fourths of the amount of the contract price of said wheat and leave plaintiff one-fourth of said drafts to make good any reclamation that might accrue in regard to said wheat, plaintiff would take charge and unload said wheat, and after unloading said wheat would pay the balance of said drafts, then and in that event, the plaintiff, the Commerce Milling and Grain Company, would be estopped from reclaiming any part of the three-fourths of said drafts so paid, and you should so find." This charge was not applicable to the facts adduced upon the trial. At the time the understanding was had with Parker in Commerce only one car had been inspected, and according to the mill inspector the top of the wheat in that car had been inspected, and that when the car was unloaded the wheat below the top was discovered to

be much worse damaged than the inspection of the wheat at the top indicated. The examination afterward of the other car, according to plaintiff's evidence, showed a quantity of the wheat therein to be unfit for use and valueless to the milling company. When the reservation of 25 per cent to cover shortage in weight and grade was agreed upon, the parties evidently thought, from the partial examination then made, that that amount would be sufficient to cover any reclamation. The circumstances under which the agreement was made would not estop the milling company from claiming more, if in fact the wheat was damaged more than was indicated by the wheat on top. The understanding was had to protect the milling company from loss, and the fact that a smaller amount was retained than was necessary would not confine the milling company to the amount retained, but it would be entitled to recover the amount of loss sustained, if any, in excess of the amount retained. No element of estoppel is shown by the evidence. Then the real issue between the milling company and Morris & Parker is the difference between the value of the wheat delivered and that contracted for. The difference is the measure of recovery.

The evidence, in our opinion, shows that the bank received the checks for collection, and no liability attached to it in favor of the milling company for a failure, if any, of the wheat being such as contracted for. For the breach of the warranty the milling company's recourse is against Morris & Parker. Tolerton v. Bank, 84 N. W. Rep., 930.

The judgment is reversed as to Morris & Parker, and affirmed in all other respects.

*Reversed and remanded.*